**No. 50578.**—Protests 994235–G, etc., of Kreusser & Schaad (New York).

Opinion by TILSON, J.   The record established that certain items consist of so-called racello hats, similar in all material respects to those the subject of Abstract 47291.   Upon the established facts and following the cited authority, the merchandise was held dutiable as claimed.

**No. 50579.**—Protests 992614–G, etc., of Franco Belgian Importing Co. et al. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056.   In accordance therewith the protests were sustained as claimed.

BEFORE THE THIRD DIVISION, OCTOBER 11, 1945

**No. 50580.**—Protest 117865–K of Thermal Syndicate, Ltd. (New York).

Opinion by EKWALL, J.   It was stipulated that the merchandise is the same in all material respects as the silica the subject of *Thermal Syndicate, Ltd.* v. *United States* (12 Cust. Ct. 205, C. D. 855).   In accordance therewith the merchandise was held properly free of duty under paragraph 1775 as claimed.

**No. 50581.**—Protest 50850–K of Gart Bros. (Denver).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry.   The protest was sustained to this extent.

**No. 50582.**—Protests 54082–K, etc., of Carson, Pirie, Scott & Co., et al. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 50583.**—Protests 68667–K, etc., of Crawford S. Norris et al.   (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, OCTOBER 17, 1945

**No. 50584.**—Protests 93099–K, etc., of Rosenfeld, Kent Co., Inc., et al. (New York).

Opinion by COLE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, OCTOBER 17, 1945

**No. 50585.**—Protests 530958–G, etc., of E. M. Poons Co. of Kobe, Inc. (New York).

Opinion by TILSON, J.   The testimony of the only witness presented showed that certain items of the merchandise consist of hats known as harvest hats similar in all material respects to those the subject of *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664).   Upon the established facts and following the authority cited the merchandise was held dutiable as claimed.

**No. 50586.**—Protests 877572–G, etc., of John Zimmerman Co. (New York).